RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/21/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK M. PENN #552071 | DOCKET NO. 13-CV-830; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| VICTOR E. JONES, JR. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Mark M. Penn filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is presently incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains about unconstitutional conditions of confinement and names as defendant Sheriff Victor E. Jones, Jr. Penn asks for an investigation to be conducted and for punitive damages of $1 million dollars plus court costs.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that some – but not all – of Plaintiff's claims be dismissed.

### *Factual Allegations*

In his original complaint, Plaintiff alleged that he is subjected to overcrowded dorms; mildew and rust in bathroom and shower, on eating tables, on air conditioning vents, and on bed racks; inadequate recreation time; inadequate healthcare; unprofessional administration; negligent handling of mail; and

general unhealthy conditions at the facility. He was ordered to submit a supplemental or amended complaint stating: (1) the name of each person who allegedly violated his constitutional rights; (2) a description of what actually occurred or what each defendant did to violate Plaintiff's rights; (3) the place and date that each event occurred; and (4) a description of the alleged injury sustained as a result of each alleged violation. He was also ordered to present facts to support the allegation of **deliberate indifference** by the defendant.

In response to the Court's order to amend his complaint, Plaintiff submitted a document [Doc. #9] complaining only of the allegations of rust and mildew on the shower walls/heads, on A/C vents, on eating tables, on bed racks, on urinals/toilets, mirrors/sinks, and that an eating table is five feet away from the bathroom.

### Law and Analysis

Plaintiff asks that the Court initiate an investigation "of Natchitoches Parish Detention Center. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir.1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction should not be granted unless the party seeking it has clearly carried the burden of persuasion on four requirements: (1) he faces

2

a substantial likelihood that he will prevail on the merits, (2) he faces a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. See PCI Transportation Inc. v. Fort Worth & Western Railroad Co., 418 F.3d 535, 545 (5th Cir.2005) (citations omitted). Plaintiff has not alleged that he will suffer irreparable injury if injunctive relief is not granted. He has not identified a threatened injury from mildew or rust. Moreover, he has not shown a substantial likelihood that he would prevail on the merits.

"Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment.'" Hamilton v. Lyons, 74 F.3d 99, 103-04 (5th Cir.1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir.1998) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). To succeed on a claim of unconstitutional conditions of confinement, the Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional

violation." Hudson, 503 U.S. at 8 (quoting Wilson v. Seiter, 501 U.S. 294, 298, 303).

The Constitution does not protect against those conditions of confinement "which cause mere discomfort or inconvenience." Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989). Routine discomfort is part of the penalty that convicted prisoners pay for having committed crimes. Only "extreme deprivations" can make out a conditions-of-confinement claim. See Hudson, 503 U.S. at 9. Plaintiff has not presented factual allegations of "extreme deprivations," nor has he presented facts indicating that the presence of mildew and rust at NPDC violates contemporary standards of decency or has denied him "the minimal civilized measure of life's necessities." Wilson v. Seiter, 401 U.S. at 298 (internal quotation marks and citation omitted); see Helling v. McKinney, 509 U.S. 25, 36 (1993); see also Clark v. Gusman, 2012 WL 1825306 (E.D.La. 2012)(The mere fact that there is mold, mildew, or fungus does not warrant relief.), citing Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D.La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D.Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."). Although prisons should be reasonably clean, "[t]he Constitution does not require

4

that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." <u>Clark</u> at *5, citing <u>McAllister v. Strain</u>, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D.La. Dec. 23, 2009); <u>see</u> <u>also</u> <u>Talib v. Gilley</u>, 138 F.3d 211, 215 (5th Cir. 1998)("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 849 & n. 5 (5th Cir. 1989)(noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

For the foregoing reasons, Plaintiff has failed to set forth allegations amounting to a constitutional violation. Therefore, he is not entitled to punitive damages.

As for the other general claims mentioned in Plaintiff's original complaint, but omitted from his amended complaint, Plaintiff has failed to provide the court with information as ordered with regard to the individual officers that may have violated Plaintiff's rights, the date on which any alleged violation is said to have occurred, and any injury suffered.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE